### C. C. STAMAN v. LEWIS BALLIETT.

1. PRESCRIPTIVE RIGHT OF WAY OVER LANDS OF ANOTHER ALONG STREAM PASSES BY WILL OR CONVEYANCE.

A party who uses a road or way as a means of ingress and egress to his own land, over the lands of another along the banks of a stream without let or hinderance and without obstruction for a period of twenty-one years, acquires a right by prescription to its use as an incident to his land, and the right will pass by conveyance or descent of the land. *Pavey* v. *Vance*, 56 Ohio St. 162 [46 N. E. Rep. 898].

2. SHIFT IN ROADWAY CONFORMING TO SHIFT IN STREAM ADJACENT DOES NOT DEFEAT PRESCRIPTIVE RIGHT OF EGRESS AND INGRESS.

A party having a prescriptive right to the use of a road or way over the lands of another along the banks of a stream as a means of ingress and egress to his premises, said right is not lost, modified or affected by reason of a shift in the traveled road or way, the traveled road or way remaining in the same location for a less period than twenty-one years, provided said shift in the traveled road or way is occasioned by a like shift in the bed and bank of said stream, and no more land than is necessary is thereby occupied, in order to continue the use of said road or way along the banks of said stream as a means of ingress and egress to his said premises. In such case the traveled road or way lawfully shifts with the bed and bank of said stream.

[Syllabus approved by the court.]

APPEAL from common pleas court.

*C. H. Workman*, for plaintiff.
*C. H. Huston*, for defendant.

## PER CURIAM.

This cause is in this court by appeal from the court of common pleas. The controversy between the parties arises from an alleged right of way leading from a public road in this county, known as the Wooster road, and leading from the village of Mifflin, Ashland county, Ohio, westward across the Blackfork of the Richland county line.

Richland County.

The alleged way is about thirty rods long and is claimed to be about ten to fifteen feet in width, and is claimed as a means of ingress and egress from this highway to a portion of the plaintiff's premises. The plaintiff complains of the defendant that he wrongfully barred this way by a fence and posts preventing him from at all times passing and repassing over the alleged way, and he prays for an injunction requiring the removal of said fence and from interfering with the plaintiff in the use of the way. It is the claim of the plaintiff that he has been in peaceable occupation of this way for a period of time that would give him a prescriptive right thereto.

The answer of the defendant in respect to the material allegations of the plaintiff's cause of action are a denial and he further avers that, in consequence of plaintiff's straightening the stream to the north of the alleged right of way, the channel of the stream was changed and that a portion of the claimed driveway was washed away, and that there is not sufficient room to drive between the fence, which he avers was to the west of the bank of said creek, and the bank of the creek; he further avers that the plaintiff has other means of ingress and egress to his said premises which, through his own fault, was interfered with, and that he has no prescriptive right to said alleged way. This was denied and on these issues the case was presented to the court on the pleadings and evidence.

On behalf of the plaintiff there were certain witnesses introduced who testified directly to the fact of the way leading from the Wooster road to the eighty-nine acre tract of land to which it is claimed this way is a means of ingress and egress. These witnesses testified that for a great many years the way was used and they testified that they used it, so that considerable credence must be given to the witnesses who testified distinctly and affirmatively to facts which they themselves were cognizant of.

Much of the testimony introduced on behalf of the defendant is that there was no such way and that they had the means of knowing, but we think the clear weight of the testimony in this case is to the fact that there was a traveled way substan-

Staman v. Balliett.

tially upon the line claimed by the plaintiff in his petition, and that it was used and intended as a means of ingress and egress to this eighty-nine acres of land.

In addition to the affirmative testimony on behalf of the plaintiff, a number of witnesses on behalf of the defendant testified that the plaintiff did use the disputed way in the summer of 1884 and each and every year since that date, up to the time that he was interfered with by the defendant. This would be a sufficient time to give the plaintiff a right to use this way under the doctrine of prescription, unless the same was by permission. The defendant undertakes to say that the use of this was merely permissible and that before and while attempting to use it, he had sought the defendant out and secured his permission so to do. But this is denied by the plaintiff, and if in view of the testimony that is introduced in this case that prior to this alleged permissive use it was a matter of right, we think that the weight of the testimony is with the plaintiff in this case.

We, perhaps, would not need to introduce any authority supporting this proposition of the right of relief to the plaintiff further than the case of *Pavey* v. *Vance,* 56 Ohio St. 162 [46 N. E. Rep. 898], but it is insisted that the proof in this case shows from the fences and the remains of fences that have been dug up since, that the present traveled way has been changed, and that in consequence of the straightening of the stream to the north of the property in dispute, the traveled way has been so far interfered with that the plaintiff cannot now claim the use of the same, and that, in the event that he attempted to pass and repass there, he could not pass within the boundaries of the former right of way, in consequence of a portion of the same being washed away by the stream.

But we think that *Pomeroy* v. *Salt Co.* 37 Ohio St. 520, 523, and the case of *Holtsberry* v. *Bounds,* 29 O. C. C. 257 (9 N. S. 510), answers this question. This latter case was affirmed by the Supreme Court without opinion, *Bounds* v. *Holtzberry,* 75 Ohio St. 636.

In the latter case, the right of way was shifted in many

Richland County.

places, but a decree was entered confining the party to the width of the road or way as it formerly existed.

A decree may be entered herein for the plaintiff, enjoining the defendant from interfering with him in the use of this way, and a judgment may be entered for costs. Motion for a new trial will be overruled with exception and twenty days for separate finding of fact and conclusions of law.